IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACEY SASSER,

    Plaintiff,

v.                              CASE NO. 5:15cv129-RH/GRJ

BOBBY HADDOCK in his official
Capacity as SHERIFF WASHINGTON
COUNTY, FLORIDA,

    Defendant.

_____/

## ORDER ON MS. RILEY'S TESTIMONY

The trial is set to begin on June 2, 2016. Robin Riley, who lives and works in Florida, is a material witness. Ms. Riley apparently refuses to appear at the trial voluntarily. The defendant has moved for leave to take Ms. Riley's deposition for use at trial.

The defendant apparently believes he cannot subpoena Ms. Riley to appear live at the trial. That is incorrect. A subpoena issued from a United States District Court can compel an in-state witness's attendance at a trial, even if the witness lives outside the forum district and more than 100 miles from the place of trial, so

long as the witness will not incur substantial expense.  See Fed. R. Civ. P. 45(c)(1)(B)(ii).  A party who subpoenas Ms. Riley will have to pay her travel expense.  There is no reason to believe Ms. Riley herself will incur substantial expense to testify live.

This order allows a deposition only if both sides agree.  In the absence of agreement, a party who wishes to present Ms. Riley's testimony may subpoena her to trial.

For these reasons,

IT IS ORDERED:

The motion for leave to depose Ms. Riley is granted in part.  Ms. Riley may be deposed only if both sides so agree.

SO ORDERED on May 20, 2016.

s/Robert L. Hinkle
United States District Judge